IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| METROPOLITAN CASUALTY INSURANCE COMPANY, a Rhode Island corporation, | ) ) ) |
| *Plaintiff,* | ) ) |
| —vs— | ) ) |
| BRITTNEY D. GILMORE, and REB LONG, | ) ) |
| *Defendants.* | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes the plaintiff, METROPOLITAN CASUALTY INSURANCE COMPANY ("Met"), a Rhode Island corporation, by and through its attorney, Joseph P. Postel of LINDSAY, PICKETT, RAPPAPORT & POSTEL, LLC, and for its complaint for declaratory judgment against the defendants, BRITTNEY D. GILMORE ("Gilmore"), and REB LONG ("Long"), alleges as follows:

**Introduction**

1. This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq.*, and Fed.R.Civ.Proc. 57. Jurisdiction is based on diversity of citizenship. Met seeks a declaration of rights under an insurance policy it issued.

2. The policy at issue was a homeowners' insurance policy issued by Met to Gilmore for a house she owned in East St. Louis. In applying for the policy, Gilmore made a material misrepresentation—that she and her children had been continuously living in the home for a period of six months and that the home was her primary residence.

LPRP File No. 16.3493

3.     Contrary to Gilmore's representation to Met, she and her children never resided in the insured property in East St. Louis; rather, at all times material to this action, they resided in an apartment in Venice, Illinois.  The house for which she applied for and obtained coverage from Met was, at all times material to this action, vacant and unoccupied.

4.     Gilmore's misrepresentation was material, because a vacant, unoccupied house presents a much greater risk of loss to an insurer than an occupied house.  Had Met known that in fact, the house was vacant and unoccupied, it either would not have issued a policy at all, or in the alternative, would have charged a much higher premium.

5.     In addition, after Gilmore's house was destroyed by fire, she repeated her misrepresentations in attempting to collect the proceeds of Met's insurance coverage on her house.

6.     Gilmore's material misrepresentations in applying for the policy and in the claim process after the fire breached the policy's **Concealment or Fraud** condition, thus voiding the coverage.

7.     Met, accordingly, seeks a judgment finding and declaring that Gilmore breached the **Concealment or Fraud** condition, and accordingly, Met owes no coverage for a claim by Reb Long—who lives next door to Gilmore's house—for damage to his house from the fire at Gilmore's house.

## The Parties

8.     At all relevant times, Met was a corporation organized under the laws of the State of Rhode Island, with its principal place of business in Warwick, Rhode Island, and it was duly licensed and authorized to issue insurance policies in the State of Illinois.

9. At all relevant times, Gilmore was a citizen of the State of Illinois, residing in Venice, Madison County, Illinois, within this judicial district.

10. At all relevant times, Long was a citizen of the State of Illinois, residing in East St. Louis, St. Clair County, Illinois, within this judicial district.

11. Long is a "necessary party" to this action under the applicable state law, and may therefore be a "required party" parties under Fed.R.Civ.Proc. 19, in that he may have an interest in the subject matter of this action. Met seeks no relief from Long, other than to the extent, if any, that he is interested in the subject matter of this action, that he be bound by the judgment sought herein. If Long will sign a stipulation to that effect, then Met would be willing to voluntarily dismiss him as a defendant.

## Jurisdiction and Venue

12. The jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. Although this complaint seeks no monetary damages—rather, it seeks only declaratory relief—the effect of granting that relief would be to void coverage for a loss exceeding $75,000 in value.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that both of the defendants are citizens of Illinois and reside in this District.

## Material Facts

14. On or about November 17, 2016, Gilmore had a telephone interview with a Met sales representative that was recorded. The purpose of the call was for Gilmore to apply for homeowners' insurance for the house she owned at 1723 St. Louis Ave., East St. Louis.

LPRP File No. 16.3493

15.     The call resulted in the issuance of Met homeowners' policy no. 2153358300, to Gilmore for the policy term of 11/17/2016 to 11/17/2017.  The policy insured Gilmore (in Section I) against, *inter alia*, the risk of loss to her property, such as the loss of the house in a fire, and (in Section II), against, *inter alia*, her legal liability for damage to the property of others.  The policy is more fully discussed elsewhere in this Complaint.

16.     During the sales interview, Gilmore told the Met sales representative that she had been continuously living in the home for a period of six months and that the home was her primary residence.  Gilmore also told the Met sales representative that the home contained granite counter tops, electric heat, and a two-year-old central air conditioning system.

17.     Contrary to Gilmore's representations to Met, however, at all material times, Gilmore did not reside in the house insured by Met at 1723 St. Louis Ave. in East St. Louis.  Rather, she resided in an apartment in Venice, Illinois, for which she had signed a one-year lease on September 27, 2016.  Additionally, Gilmore did not even own the house until November 16, 2016, the day before she applied for insurance with Met.

18.     On January 18, 2017, about two months after Met issued the policy, an inspector from Met inspected Gilmore's house in East St. Louis and took photos.  The inspector noted that the house was vacant with no furniture inside and the electric meter was missing.

19.     As a result of the inspection of the property, Met issued a notice of cancellation to Gilmore on January 19, 2017, advising her that the policy was cancelled effective February 21, 2017.  Gilmore received the notice of cancellation, because she

called Met on several occasions after receiving it to demand a refund of her premium. Met has audio recordings of these calls.

20. Three days before the effective date of the cancellation, on February 18, 2017, a fire consumed the house, resulting in a total loss of the house.

21. An outside cause and origin investigator retained by Met investigated the fire and determined that it was intentionally set by igniting a bed in the second-floor bedroom.

22. In the course of his examination of the house, the cause and origin investigator retained by Met also noted that the house contained almost no clothing, no food, no bathroom facility, and no personal care items that would suggest the house was lived in.

23. An internal Met investigator also inspected the house after the fire, and noted that the house had no water heater, no boiler, no radiators, no kitchen sink, no bathrooms, no tub or shower, no functioning toilet, no stove, no refrigerator, no base cabinets, and no kitchen counter tops.

24. The internal Met investigator interviewed four neighbors who advised that no one had lived in the house owned by Gilmore and insured by Met for several years, and that they had never seen Gilmore or her children in or around the home. Defendant Long was one of those neighbors.

25. Following the fire, Gilmore made a claim under the Met policy for the proceeds of Met's insurance coverage on the house, which Met insured in the amount of $268,780.

26. As part of Met's investigation of Gilmore's claim, Gilmore submitted a purported proof of loss, and submitted to an Examination Under Oath ("EUO"), as required by the policy. The EUO took place on May 26, 2017. Gilmore was represented by counsel. During the EUO, Gilmore repeated her misrepresentation that she and her two children resided in the house continuously from August 2016 until the date of the fire on February 18, 2017.

## Reb Long's Loss and Claim

27. The fire at Gilmore's house spread to the house of Reb Long, causing more than $75,000 in damage to Long's house.

28. Long has asserted a claim against Gilmore and/or her liability coverage with Met for the damage to his house.

## The Met Policy

29. Met issued homeowners' policy no. 2153358300, to Brittney D. Gilmore for the house she owned at 1723 St. Louis Ave., East St. Louis for the policy term of 11/17/2016 to 11/17/2017. A copy of the policy is attached hereto as **Exhibit A**.

30. The policy contains the following provision in the General Conditions section, as amended by Endorsement HA01IL 0705:

> **2. Concealment or Fraud.** If any person defined as **you** conceals or misrepresents any material fact or circumstance or makes any material false statement or engages in fraudulent conduct affecting any matter relating to this insurance or any loss for which coverage is sought, whether before or after a loss, no coverage is provided under this policy to any person defined as **you**.[1]
>
> With respect to the application for this insurance or this policy, this condition does not apply once this policy has been in effect for one year or one policy period, whichever is less. Notwithstanding the limitations in this

---

[1] The policy defines "**you**" in pertinent part as Gilmore.

paragraph, we may cancel or nonrenew this policy in accordance with the terms of **General Conditions**, item 12. **Cancellation** or 13. **Nonrenewal.**

31.     Gilmore breached the **Concealment or Fraud** condition by misrepresenting—in her application for the policy, and in her EUO—that she continuously resided in the insured house at all material times.

32.     As a result of her breach, the Met policy furnishes no coverage to her for her liability to Long for the damage to his house.

33.     Met is informed and believes that the foregoing contention is denied by Gilmore, and by Long, both of whom contend that the Met policy furnishes coverage for Long's claim.

34.     An actual controversy therefore exists, and this court has jurisdiction to declare the rights and obligations of the parties.

WHEREFORE, the plaintiff, METROPOLITAN CASUALTY INSURANCE COMPANY, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq*. and Fed.R.Civ.Proc. 57, finding and declaring that it owes no coverage to the defendant BRITTNEY D. GILMORE for the property damage claim of the defendant REB LONG, and for such other and further relief as the court shall deem just.

| | |
|---|---|
| Joseph P. Postel (#6189515)<br>**Lindsay, Pickett, Rappaport & Postel, LLC**<br>10 S. LaSalle Street, Suite 1301<br>Chicago IL 60603<br>Direct Phone: 312-800-6008<br>Main Phone: 312-629-0208<br>jpostel@lprp-law.com | Respectfully submitted,<br>LINDSAY, RAPPAPORT & POSTEL, LLC<br><br><br>By: /s/ Joseph P. Postel<br>     Bar Number:  6189515<br>     Attorney for Plaintiff METROPOLITAN<br>     CASUALTY INSURANCE COMPANY |